1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

9
10

| | |
|---|---|
| 11  FERNANDO ALLEN SANCHEZ, | Case No.:  25-cv-02987-DMS-KSC |
| 12                                    Plaintiff, | **ORDER:** |
| 13       v. | |
| 14  COUNTY OF SAN DIEGO, by and | **(1) DISMISSING FIRST AMENDED COMPLAINT SUA SPONTE; and** |
| 15  through its Health & Human Services Agency (HHSA); VANESSA HUERTA, | |
| 16  in her individual and official capacities; | **(2) DENYING MOTION FOR TEMPORARY RESTRAINING ORDER** |
| 17  JUDGE NAVARRO, Administrative Law Judge, in her official capacity for | |
| 18  injunctive/declaratory relief, | **[ECF Nos. 6, 7]** |
| 19                                    Defendants. | |

20

21      Pending before the Court is Pro Se Plaintiff Fernando Allen Sanchez's First

22  Amended Complaint ("FAC"), (First Amended Compl. ("FAC"), ECF No. 6), and motion

23  seeking temporary restraining order ("TRO"), (ECF No. 7).  This Court previously granted

24  Plaintiff's motion to proceed in forma pauperis ("IFP"), but dismissed the original

25  Complaint sua sponte for failure to state a claim.  (ECF No. 5).  Because Plaintiff is

26  proceeding IFP, the Court must screen the FAC sua sponte before ruling on Plaintiff's

27  motion for TRO.  For the following reasons, the Court dismisses the Complaint and denies

28  the motion for TRO.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.    SUA SPONTE SCREENING OF FAC

### A. Legal Standard

Under 28 U.S.C. § 1915(e)(2), an IFP complaint must be screened by the Court. 28 U.S.C. § 1915(e)(2). The Court must sua sponte dismiss an IFP complaint that is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. *Id.*; *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (noting that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

The standard for determining whether an IFP complaint fails to state a claim under § 1915(e)(2) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* While the Court has an obligation to construe pro se pleadings liberally, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), it may not "supply essential elements of [claims] that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### B. Factual Background

This suit arises from Defendants—the County of San Diego ("County"), County employee Vanessa Huerta, and Administrative Law Judge Navarro (no first name provided)—allegedly depriving Plaintiff of his CalFresh benefits in violation of due process. Beginning in 2021, Plaintiff's CalFresh benefits required renewal. (FAC ¶ 46). Over the course of multiple years, Plaintiff attempted to renew or reapply for CalFresh benefits over twenty one times. (*Id.* ¶ 47). Specifically, Plaintiff called the County's CalFresh Access Line twelve times and submitted five online applications through the County's BenefitsCal portal. (*Id.* ¶¶ 49, 51). The County's administrative records show

2

1   at least nine of these attempts. (*Id.* ¶ 48). During the calls, Plaintiff received "contradictory

2   instructions, was told to wait for callbacks that never came, and was informed that his

3   applications could not be located in the County's system." (*Id.* ¶ 50). Plaintiff's online

4   applications were rejected due to system errors, "[l]ost entirely with no confirmation or

5   follow-up, or "[b]locked by technical failures in the County's application processing

6   system." (*Id.* ¶ 52). Plaintiff also emailed Huerta three times and called  and left voicemail

7   messages four times, asking for assistance with his benefits renewal. (*Id.* ¶¶ 59, 60).

8   Huerta never responded to Plaintiff's communications. (*Id.* ¶ 61). Plaintiff was unable to

9   renew his benefits. (*Id.* ¶ 53).

10      Eventually, Plaintiff requested an administrative hearing regarding the denial of his

11  CalFresh benefits renewal. (*Id.* ¶ 65). The hearing was before Judge Navarro on an

12  unspecified date. (*Id.* ¶ 66). At the hearing, Huerta falsely testified that she never received

13  communications from Plaintiff; however, the County's electronic records showed

14  Plaintiff's emails at the time. (*Id.* ¶¶ 62, 63). Huerta also admitted that the County's

15  outbound telephone calls are routinely blocked by Verizon Wireless's spam-filter

16  technology, that applicants using Verizon Wireless frequently do not receive County calls,

17  that County is aware of this "systemic problem," and that the County has no "workaround,

18  alternative contact method, or mitigation strategy." (*Id.* ¶ 54). Notably, Plaintiff uses

19  Verizon Wireless as his cellular provider. (*Id.* ¶ 55). At the end of the hearing, Judge

20  Navarro ordered Huerta to contact Plaintiff and help him with his renewal, to which Huerta

21  agreed. (*Id.* ¶¶ 68, 69). Judge Navarro did not issue a written decision following the

22  hearing. (*Id.* ¶ 70).

23      Following the hearing, the County attempted to contact Plaintiff via two automated

24  telephone calls placed at 5:13 a.m. and 5:16 a.m. (*Id.* ¶¶ 72, 73). The robocalls "left no

25  voicemail, provided no instructions, scheduled no interview, and contained no substantive

26  information." (*Id.* ¶ 76). When Plaintiff called back, an automated message played, stating

27  that the phone number could not receive calls. (*Id.* ¶ 75). There were no other

28  communications from the County. (*Id.* ¶¶ 72, 77–80).

1    Plaintiff submitted his application to reapply for CalFresh one week before filing the

2    original Complaint (November 4, 2025).  (*Id.* ¶ 84).  As of the filing of Plaintiff's FAC

3    (November 19, 2025), the County has taken no action on Plaintiff's application.  (*Id.* ¶¶ 81,

4    85–87).  Plaintiff has yet to receive benefits.  (*Id.* ¶¶ 82, 88).

5    The FAC asserts (1) a 42 U.S.C. § 1983 claim against all Defendants for violations

6    of his Fourteenth Amendment right to procedural due process; and (2) a § 1983 claim

7    against the County, under a *Monell* theory of liability.  (*Id.* at 12–14).  Plaintiff also asserts

8    a claim under the Declaratory Judgment Act, 28 U.S.C. § 2201, seeking declarations that

9    Defendants violated Plaintiff's procedural due process rights and that Plaintiff is entitled

10   to retroactive issuance of withheld CalFresh benefits and immediate reinstatement of

11   benefits.  (*Id.* at 14–15).

12   **C. Discussion**

13   1.   Section 1983–*Monell* Claim

14   A municipality may be liable for the deprivations of constitutional rights deriving

15   from the execution of a municipality's policies or customs.  *Monell v. Dep't of Soc. Servs.*

16   *of City of New York*, 436 U.S. 658, 694 (1978).  To state a *Monell* claim under § 1983, a

17   plaintiff must sufficiently allege that "(1) he was deprived of a constitutional right; (2) the

18   municipality had a policy; (3) the policy amounted to deliberate indifference to [the

19   plaintiff's] constitutional right; and (4) the policy was the moving force behind the

20   constitutional violation."  *Lockett v. Cnty. of Los Angeles*, 977 F.3d 737, 741 (9th Cir.

21   2020).   The plaintiff must show a "direct causal link" between the policy and the

22   constitutional deprivation.  *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1075 (9th Cir.

23   2016) (en banc).  "Isolated or sporadic incidents" are generally insufficient to establish

24   municipal liability.  *See Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

25   Plaintiff purports several policies as the basis of his *Monell* claim: (1) the use of

26   automatic calls from non-operational phone numbers as the primary method to contact

27   applicants; (2) the "[f]ailure to remedy known call-blocking technology failures"; (3)

28   "[i]gnoring applicant emails and written communications"; (4) the "[a]utomated rejection

of online applications without functional alternatives"; (5) the "[f]ailure to issue written administrative decisions"; (6) failure to respond to Temporary Restraining Order requests; and (7) the tolerance and ratification of false testimony by County employees during administrative hearings. (FAC ¶¶ 95, 116). Plaintiff's conclusory allegation that these supposed policies are "widespread, persistent, and well-settled," (FAC ¶ 117), is insufficient to establish his reported injury "resulted from a 'permanent and well settled' practice" arising from a "local government custom." *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1444 (9th Cir. 1989) (citation omitted). Rather, there must be sufficient *factual* allegations demonstrating that these policies are indeed "widespread, persistent, and well-settled." Even when construing the allegations liberally, there are at best very few instances of these "policies" occurring. For example, there is at most one alleged instance of tolerating false testimony. There are no alleged instances of the County failing to respond to Temporary Restraining Order requests. Further, Plaintiff fails to establish the causational element. In other words, even if these policies do occur on a permanent and well settled basis, Plaintiff fails to demonstrate how these policies were the "moving force" behind the expiration or rejection of his CalFresh benefits. In fact, even after experiencing unsuccessful phone calls and online applications, Plaintiff was provided an administrative hearing wherein Judge Navarro directed Huerta to assist Plaintiff with his benefits renewal application. Accordingly, the Court **DISMISSES** Plaintiff's *Monell* claim against the County **with leave to amend**.

### 2. Section 1983–Official Liability

"Suits against governmental officers in their official capacities are subject to the same requirements as *Monell* claims against local governments." *Johnson v. Cnty. of Los Angeles*, No. CV 14-4407 JLS (KK), 2015 WL 4881349, at *3 (C.D. Cal. 2015) (internal citation omitted). Thus, "as with claims against local governments under *Monell*, to impose liability against officials acting in their official capacity, the entity's policy or custom must have played a part in the violation of federal law." *Id.* (citation modified) (internal citation omitted). As stated above, the FAC does not sufficiently allege the

County had a policy that caused his alleged due process violations. Further, Plaintiff does not allege that either Huerta or Judge Navarro are policymakers such that a single act by either would amount to *Monell* liability. *See, e.g.*, *id.* Accordingly, the Court **DISMISSES** Plaintiff's § 1983 official capacity claims against Huerta and Judge Navarro **with leave to amend**.[1]

### 3. Section 1983–Individual Liability

To state a Fourteenth Amendment procedural due process claim under § 1983, Plaintiff must sufficiently allege "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." *Armstrong v. Reynolds*, 22 F.4th 1058, 1066 (9th Cir. 2022) (citation modified) (internal citation omitted). "Property interests are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." *Id.* at 1067 (citation modified) (internal citation omitted). "Once a state creates a liberty interest, it cannot take it away without due process." *Johnson*, 2015 WL 4881349, at *4 (citing *Swarthout v. Cooke*, 562 U.S. 216 (2011)). Therefore, "procedural due process protections apply to the termination of welfare benefits for those statutorily entitled to them." *Id.* (citing *Goldberg v. Kelly*, 397 U.S. 254, 260 (1970)). "Key to a property interest determination is whether the person alleging a due process violation has an entitlement to the benefit at issue, conferred through statute, regulation, contract, or established practice." *Armstrong*, 22 F.4th at 1067.

Plaintiff must sufficiently allege that he was entitled to CalFresh benefits. Plaintiff simply alleges that he "is eligible for CalFresh food assistance benefits." (FAC ¶ 44). This is conclusory. Plaintiff fails to specifically and factually allege that he is entitled to CalFresh benefits. It thus follows that Plaintiff fails to sufficiently allege that he had a

---

[1] In light of this determination, the Court does not examine whether Plaintiff's claims against Huerta and Judge Navarro are barred under the Eleventh Amendment.

25-cv-02987-DMS-KSC

property interest that carries due process protections.  Accordingly, the Court **DISMISSES** Plaintiff's § 1983 claim against Huerta in her individual capacity **with leave to amend**.[2]

### 4. Declaratory Relief

Plaintiff also asserts a cause of action against Defendants under § 2201, seeking declarations that Defendants violated Plaintiff's procedural due process rights and that Plaintiff is "entitled to immediate  reinstatement of CalFresh benefits with retroactive issuance of withheld benefits." (FAC ¶ 125).  Plaintiff's declaratory relief claim "rises and falls with [his] section 1983 claims." *Est. of Posard v. Los Angeles Cnty. Sheriff's Dep't*, No. CV 23-10460 PA (EX), 2024 WL 3467775, at *5 (C.D. Cal. May 31, 2024).  Because Plaintiff has no surviving § 1983 claims, his declaratory relief claim is also **DISMISSED with leave to amend.**

## II.    MOTION FOR TRO

Because the Complaint is dismissed in its entirety, there is no operative complaint on which to base Plaintiff's motion for TRO.  *Abera v. San Diego Pacificvu LLC*, No. 3:25-CV-01437-RBM-DEB, 2025 WL 1645593, at *2 (S.D. Cal. June 10, 2025).  The Court **DENIES without prejudice** Plaintiff's motion for TRO as moot.

## III.    CONCLUSION

Based on the foregoing, the Court: (1) **DISMISSES** the FAC **with leave to amend**; and (3) **DENIES** the motion for TRO **without prejudice**.  Plaintiff may file a Second Amended Complaint to cure the defects described above no later than **twenty one** (**21**) **days** from the date this Order is entered.

**IT IS SO ORDERED.**

Dated: December 2, 2025

Hon. Dana M. Sabraw
United States District Judge

---

[2] Because the Court finds that Plaintiff did not sufficiently allege a protected property interest, the Court declines to address whether the other elements are sufficiently pled.