# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

FERNANDO ALLEN SANCHEZ,

Plaintiff,

v.

COUNTY OF SAN DIEGO, by and through its Health & Human Services Agency (HHSA); et al.,

Defendants.

Case No.:  25-cv-02987-DMS-KSC

**ORDER:**

**(1) DISMISSING SECOND AMENDED COMPLAINT SUA SPONTE;**

**(2) DENYING MOTIONS FOR TEMPORARY RESTRAINING ORDER and EXPEDITED CONSIDERATION and INTERIM RELIEF;**

**(3) DENYING MOTION FOR RECUSAL; and**

**(4) DENYING APPLICATION TO ELECTRONICALLY FILE CASE DOCUMENTS**

**[ECF Nos. 9–13, 15]**

1

Pending before the Court is Pro Se Plaintiff Fernando Allen Sanchez's Second Amended Complaint ("SAC"), (Second Amended Compl. ("SAC"), ECF No. 11), and motion seeking temporary restraining order ("TRO").  (ECF No. 9.)  Plaintiff also moved for "expedited consideration and interim relief," and for recusal.  (ECF Nos. 10, 12, 15.)  Lastly, Plaintiff moved for leave to electronically file case documents.  (ECF No. 13.)  This Court previously granted Plaintiff's motion to proceed in forma pauperis ("IFP"), but dismissed the original and First Amended Complaint sua sponte for failure to state a claim.  (ECF Nos. 5, 8.)  Because Plaintiff is proceeding IFP, the Court must screen the SAC sua sponte.  For the following reasons, the Court dismisses the SAC and denies all motions.[1]

## I.   SUA SPONTE SCREENING OF SAC

### A. Legal Standard

Under 28 U.S.C. § 1915(e)(2), an IFP complaint must be screened by the Court.  28 U.S.C. § 1915(e)(2).  The Court must sua sponte dismiss an IFP complaint that is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief.  *Id.*; *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (noting that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

The standard for determining whether an IFP complaint fails to state a claim under § 1915(e)(2) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim.  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[1] As a preliminary matter, the Court notes that Plaintiff's pending petition for writ of mandamus, (*see* ECF No. 14), does not divest this Court of jurisdiction.  *United States v. Valenzuela-Arisqueta*, 724 F.3d 1290, 1297 n.8 (9th Cir. 2013) ("A petition for a writ of mandamus does not deprive the trial court of jurisdiction."); *Ellis v. U.S. Dist. Court for W. Dist. of Washington (Tacoma)*, 360 F.3d 1022, 1023 (9th Cir. 2004) (en banc).

25-cv-02987-DMS-KSC

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* While the Court has an obligation to construe pro se pleadings liberally, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), it may not "supply essential elements of [claims] that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### B. Factual Background

This suit arises from Defendants—the County of San Diego ("County"), County employee Vanessa Huerta, and Administrative Law Judge Navarro (no first name provided)—allegedly depriving Plaintiff of his CalFresh benefits in violation of due process. Plaintiff received CalFresh benefits for two years. (SAC 1.) Plaintiff earned "zero income," (*id.* ¶ 30), and remained fully eligible when he attempted to renew his benefits. (*Id.* at 1.) However, Plaintiff's benefits were discontinued because the County "blocked all communication, misdirected phone contact information, improperly replaced Plaintiff's primary number with his mother's, relied on known-defective Verizon-spam-filter phone technology, [and] failed to process BenefitsCal applications." (*Id.*) Plaintiff attempted to call the CalFresh Access Line "numerous times," but could not reach a human being. (*See id.* ¶¶ 13–17.) "[T]he County knew Verizon spam filters block County outbound calls, affecting both Plaintiff and his mother." (*Id.* ¶ 22.) After repeated attempts to reach the County, Plaintiff connected with a County worker and asked to add his mother's number as a secondary number. (*Id.* ¶ 23.) The County worker replaced Plaintiff's primary number with his mother's. (*Id.* ¶¶ 21, 24.) "County records showed staff never attempted to call both numbers—only one at a time." (*Id.* ¶ 25.) Further, "Verizon spam filters blocked all attempted calls to both phones." (*Id.* ¶ 26.) "After Plaintiff removed all call filters, the County still called only one number and never corrected the error." (*Id.* ¶ 27.)

In the complaint for his agency proceedings, Plaintiff used the term "state-sponsored terrorism." (*Id.* ¶ 63.) During the first hearing before Judge Navarro, Judge Navarro

3

25-cv-02987-DMS-KSC

"highlight[ed]" Plaintiff's use of this term. (*Id.*)  After Judge Navarro's "remark," Plaintiff experienced "off-hours hearing, refusal to record the primary evidentiary session, last-minute evidence dumps, denial of procedural accommodations, failure to issue any written decision." (*Id.* ¶ 65.)  At Plaintiff's third hearing, Judge Navarro was "prepared to dismiss the matter immediately." (*Id.* ¶ 55.)  Plaintiff objected to the dismissal. (*Id.* ¶ 56.)  Judge Navarro stated that a written decision would follow, but none did. (*Id.* ¶¶ 57, 58.)  Plaintiff has no transcripts, recordings, or indication of the ruling, making an appeal "impossible." (*Id.* ¶¶ 59, 61.)

Plaintiff also submitted "multiple BenefitsCal applications," but his "[s]ubmissions were rejected, lost, or erased by system failure." (*Id.* ¶¶ 18, 19.)  Plaintiff had no other way to apply for CalFresh benedits. (*Id.* ¶ 20.)  "After reapplying, the County scheduled a renewal interview for November 18, but Plaintiff received the notice after the hearing date passed." (*Id.* ¶ 67.)  The notice also listed Plaintiff's mother's phone number rather than his. (*Id.* ¶ 68.)

The SAC asserts a (1) 42 U.S.C. § 1983 claim for violations of his Fourteenth Amendment right to procedural due process; and (2) § 1983 claim against the County, under a *Monell* theory of liability; and (3) declaratory relief claim.[2]  (*Id.* at 1.)

**C. Discussion**

    1. <u>Section 1983–*Monell* Claim</u>

A municipality may be liable for the deprivations of constitutional rights deriving from the execution of a municipality's policies or customs. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978).  To state a *Monell* claim, a plaintiff must sufficiently allege that "(1) he was deprived of a constitutional right; (2) the municipality had a policy; (3) the policy amounted to deliberate indifference to [the plaintiff's] constitutional right; and (4) the policy was the moving force behind the constitutional

---

[2] The Court notes that the SAC Plaintiff filed may be missing pages.  Notably, the SAC starts with paragraph 13 and jumps from paragraph 32 to 54.

25-cv-02987-DMS-KSC

violation." *Lockett v. Cnty. of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020).  The plaintiff must show a "direct causal link" between the policy and the constitutional deprivation. *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1075 (9th Cir. 2016) (en banc).  "Isolated or sporadic incidents" are generally insufficient to establish municipal liability.  *See Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

Plaintiff's conclusory allegation that the County engaged in "ongoing obstruction" is insufficient to establish that his reported injury "resulted from a 'permanent and well settled' practice" arising from a "local government custom."  *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1444 (9th Cir. 1989) (citation omitted).  Rather, there must be sufficient factual allegations demonstrating that the County has "widespread, persistent, and well-settled" policies.  Plaintiff alleges that he made "numerous" phone calls with no success and "multiple BenefitsCal applications" that were "rejected, lost, or erased by system failure."  (SAC ¶¶ 13, 18.)  The allegations also include reference to two hearings in which Judge Navarro reportedly acted improperly.  Additionally, Plaintiff alleges an array of frustrations, such as "last-minute evidence dumps," but does not allege specific instances of when these "dumps" occurred,  how many times this occurred, or why.  Even when construing the pleading liberally, these allegations are too vague, too sparse, and too attenuated to establish "widespread, persistent, and well-settled" policies.  Accordingly, the Court **DISMISSES** Plaintiff's *Monell* claim against the County **with leave to amend**.

### 2. Section 1983–Official Liability

"Suits against governmental officers in their official capacities are subject to the same requirements as *Monell* claims against local governments." *Johnson v. Cnty. of Los Angeles*, No. CV 14-4407 JLS (KK), 2015 WL 4881349, at *3 (C.D. Cal. 2015) (internal citation omitted).   Thus, "as with claims against local governments under *Monell*, to impose liability against officials acting in their official capacity, the entity's policy or custom must have played a part in the violation of federal law." *Id.* (citation modified) (internal citation omitted).  As stated above, the SAC does not sufficiently allege the County had a policy that caused his alleged due process violations.  Further, Plaintiff does

25-cv-02987-DMS-KSC

not allege that either Huerta or Judge Navarro are policymakers such that a single act by either would amount to *Monell* liability. *See, e.g.*, *id.* In fact, the factual allegations make no mention of Huerta. Thus, even construed liberally, the Complaint lacks sufficient factual matter to state a claim against Huerta or Judge Navarro in their official capacities. Accordingly, the Court **DISMISSES** Plaintiff's § 1983 official capacity claims against Huerta and Judge Navarro **with leave to amend**.

### 3. Section 1983–Individual Liability

To state a claim for relief under § 1983, Plaintiff must sufficiently allege "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Plaintiff sues Huerta in her individual capacity, but does not plead how she violated his rights. As stated above, the factual allegations make no mention of Huerta, nonetheless sufficiently establish that Huerta was involved in any reported obstruction Plaintiff faced. Even when construed liberally, the Complaint lacks sufficient factual matter to state a claim against Huerta in her individual capacity. Accordingly, the Court **DISMISSES** Plaintiff's § 1983 claim against Huerta **with leave to amend**.

### 4. Declaratory Relief

Plaintiff also seeks declaratory relief. (SAC 1). However, Plaintiff's declaratory relief claim "rises and falls with [his] section 1983 claims." *Est. of Posard v. Los Angeles Cnty. Sheriff's Dep't*, No. CV 23-10460 PA (EX), 2024 WL 3467775, at *5 (C.D. Cal. May 31, 2024). Because Plaintiff has no surviving § 1983 claims, his declaratory relief claim is also **DISMISSED with leave to amend.**

## II.  MOTIONS FOR TRO and EXPEDITED CONSIDERATION and INTERIM RELIEF

Because the Complaint is dismissed in its entirety, there is no operative complaint on which to base Plaintiff's motions for TRO or for expedited consideration and interim relief. *See Abera v. San Diego Pacificvu LLC*, No. 3:25-CV-01437-RBM-DEB, 2025 WL

25-cv-02987-DMS-KSC

1645593, at *2 (S.D. Cal. June 10, 2025). The Court **DENIES without prejudice** Plaintiff's motion for TRO and for expedited consideration and interim relief as moot.

### III. MOTION FOR RECUSAL

Plaintiff states that he has "transmitted dozens of written communications to the San Diego County District Attorney's Office [('DA's Office')] regarding severe injury, housing endangerment, medical decline, and safety concerns affecting both Plaintiff and his mother." (ECF No. 12, at 1.) However, Plaintiff has not received a response from the DA's Office, and no prosecution or investigation has occurred. (*Id.*) Further, Plaintiff contends that, in or around 2014, he was falsely incarcerated after being prosecuted by the DA's Office for a child support dispute. (*See* ECF No. 15, at 4.) Petitioner claims that the DA's Office exercised "supervisory authority" over Department of Child Support Services ("DCSS") enforcement, and that he has "publicly challenged both administrations regarding suppression of ritual-abuse allegations and retaliatory DCSS enforcement in this case." (ECF No. 15, at 4.) Plaintiff believes that there is a conflict of interest because the elected District Attorney is the undersigned's spouse. (*Id.* at 6.)

First, "Plaintiff respectfully places on the record a request that the District Attorney's Office recuse itself, that the matter be referred to an independent out-of-jurisdiction authority, or that immediate action be taken to prevent further procedural harm." (ECF No. 12, at 2.) However, the DA's Office is not a party in this matter. Neither Plaintiff's prosecution and incarceration nor his current desire for the DA's Office to investigate a current matter are at issue in this case. Thus, the Court does not have jurisdiction for such a request.

Second, to the extent Petitioner moves to recuse the undersigned, (*see* ECF No. 15, at 3), there is not a sufficient basis to do so. "In the absence of a legitimate reason to recuse himself, a judge has a duty to sit in judgment in all cases coming before him," *United States v. Holland*, 501 F.3d 1120, 1123 (9th Cir.2007) (citing *Laird v. Tatum*, 409 U.S. 824, 837 (1972)), "except those in which [his] 'impartiality might reasonably be questioned.'" *Id.* (citing 28 U.S.C. § 455(a)). Recusal is required "only when a reasonable person with

25-cv-02987-DMS-KSC

knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Winston*, 613 F.2d 221, 222 (9th Cir. 1990).  A judge's decision on a motion to recuse must also reflect "the need to prevent parties from too easily obtaining the disqualification of a judge, thereby potentially manipulating the system . . . to obtain a judge more to their liking." *In re Allied-Signal Inc.*, 891 F.2d 967, 970 (1st Cir. 1989).

Plaintiff argues that the Court "is asked to adjudicate allegations against the same office now led by the judge's spouse."  This is not true.  Plaintiff's purported prosecution by the DA's Office and his incarceration are not at issue here.  Neither is any child support that Plaintiff has paid for or is required to pay.  Instead, this case is about whether Plaintiff's CalFresh benefits—which are administered by a separate agency, unrelated to the DA's Office or DCSS—have been unlawfully withheld.  Similarly, while Plaintiff has requested that the DA's Office investigate "severe injury, housing endangerment, medical decline, and safety concerns," these matters are unrelated to Plaintiff's CalFresh benefits.  Additionally, based on the facts alleged, the undersigned's spouse was not leading the DA's Office during his prosecution and incarceration.  See Summer Stephan, San Diego County District Attorney, City of S.D., https://www.sandiego.gov/gangcommission/about/stephan (the undersigned's spouse was appointed Chief Deputy District Attorney in 2012 and appointed Interim District Attorney in 2017).  Thus, based on this record, the Court does not need to adjudicate any matters involving the DA's Office, DCSS (assuming the DA's Office exercises "supervisory authority" over that Department), or any other agency related to Plaintiff's prosecution, incarceration, or potential child support obligations.  Further, the undersigned's spouse is not "a party to the proceeding, or an officer, director, or trustee of a party"; is not "acting as a lawyer in the proceeding"; does not "have an interest that could be substantially affected by the outcome of the proceeding"; and to the undersigned's knowledge, is not "likely to be a material witness in the proceeding."  28 U.S.C. § 455(b)(5).  Further, Plaintiff does not claim that the undersigned or his spouse have familiarity with the named parties, Huerta and Judge Navarro.  For these reasons, the Court

25-cv-02987-DMS-KSC

finds that at this time, recusal of the undersigned is not warranted.  Plaintiff's motion for recusal is **DENIED**.[3]

### IV.   APPLICATION TO ELECTRONICALLY FILE

Generally, "[e]xcept as prescribed by local rule, order, or other procedure, the Court has designated all cases to be assigned to the Electronic Filing System."  S.D. Cal. Civ. R. 5.4(a).  However, "[a] pro se must seek leave to electronically file documents in each case filed."   Off. of the Clerk, U.S. Dist. Ct., S. Dist. Of Cal., *Electronic Case Filing Administrative Policies and Procedures Manual* § 2(b) (2025).  "A pro se party seeking leave to electronically file documents must file a motion and demonstrate the means to do so properly by stating their equipment and software capabilities in addition to agreeing to follow all rules and policies in the CM/ECF Administrative Policies and Procedures Manual."  *Id.*  The manual refers to the Court's official web site for CM/ECF technical specifications, *id.* at § 1(i), which include a "computer running on Windows 7 or higher, MacOS X or higher, or Linux"; "[s]oftware to convert documents from a word processor format to PDF, such as Adobe Acrobat"; a "[d]ocument scanner"; "[i]nternet access capable of downloading and uploading files sizes up to 35 MB"; a "compatible browser, such as Firefox 15 or higher, Microsoft Edge, or Safari 5.1 or higher"; and "[a]n email account to receive notifications from the Court."  *Representing Yourself in Federal Court (Pro Se)*, U.S. Dist. Ct., S. Dist. of Cal. (last visited Nov. 6, 2025, at 14:37 PT), https://www.casd.uscourts.gov/ProSe/Prose-FilingInfo.aspx.

Plaintiff states that he "is capable of complying with all applicable CM/ECF rules and requirements," (ECF No. 13), but does not state what equipment and software he has access to.  Thus, Plaintiff fails to provide "sufficiently detailed information concerning his

---

[3] Plaintiff also asks the Court to "[s]tay all proceedings and DCSS enforcement immediately"; "[o]rder preservation of all DA, DCSS, and court records"; and "[i]ssue an OSC or TRO preventing further retaliation or deprivation," (ECF No. 15, at 6), but provides no legal basis for these requests.  Therefore, these requests are **DENIED**.

25-cv-02987-DMS-KSC

computer equipment and software to satisfy the Court that he meets the technical specifications required to electronically file documents." *Weiss v. Equifax Info. Servs. LLC*, No. 22-cv-1098, 2022 WL 19334073, at *1 (S.D. Cal. Aug. 22, 2022). Thus, the Court **DENIES without prejudice** Plaintiff's application for permission to electronically file.

**V.    CONCLUSION**

Based on the foregoing, the Court: (1) **DISMISSES** the SAC **with leave to amend**; (2) **DENIES** the motions for TRO and expedited consideration **without prejudice**; (3) **DENIES** motion for recusal; and (4) **DENIES without prejudice** the application to electronically file case documents. Plaintiff may file a Third Amended Complaint to cure the defects described above no later than **twenty one (21) days** from the date this Order is entered.

**IT IS SO ORDERED.**

Dated: February 11, 2026

Hon. Dana M. Sabraw
United States District Judge

25-cv-02987-DMS-KSC